United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY CONTRACTORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-1555 |
| | § | |
| A&G REAL ESTATE AND | § | |
| CONSTRUCTION SERVICES, INC. | § | |
| d/b/a SCG WEST, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ALLEGE FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

On May 16, 2022, Plaintiff, Legacy Contractors, LLC ("Legacy"), filed Plaintiff's Original Complaint for Declaratory Judgment ("Plaintiff's Original Complaint") (Docket Entry No. 1), against defendant, A&G Real Estate and Construction Services, Inc., d/b/a SCG West ("SGC"), seeking declaratory judgment under 28 U.S.C. §§ 2201-02 that a Confidentiality, Non-Compete, and Non-Circumvent Agreement is null and void as to Legacy. Although Plaintiff's Original Complaint does not state a basis for federal jurisdiction, it alleges that "Legacy is limited liability company formed and existing under the laws of the State of Texas and with its principal place of business located at 16000 Barkers Point Lane, Suite 155, Houston, Harris County, Texas, 77079,"[1] and that "SCG is a corporation formed and existing under the laws of the

---

[1] Plaintiff's Original Complaint, Docket Entry No. 1, pp. 1-2 ¶ 1.

State of California.  Its principal place of business is located at 2549 Eastbluff Drive, Suite B-211, Newport Beach, California 92660."[2]  Because Plaintiff's Original Complaint does not raise an issue of federal law, these allegations strongly suggest that federal court jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332.  See also Aetna Life Insurance Co. v. Haworth, 57 S. Ct. 461, 463 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only.").  See also Skelly Oil Co. v. Phillips Petroleum Co., 70 S. Ct. 876, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given . . . [b]ut the requirements of jurisdiction — the limited subject matters which alone Congress had authorized the District Courts to adjudicate — were not impliedly repealed or modified.").

On May 23, 2022, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION:

> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants.  Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side.  The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).  When members of a limited liability entity are themselves entities or associations,

---

[2] Id. at 2 ¶ 2.

2

citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). If the Complaint . . . filed in this action does not show the citizenship of limited liability entities, the filing plaintiff . . . is ORDERED to file an Amended Complaint . . . within twenty days from the entry of this order. The failure of a plaintiff to file an Amended Complaint . . . alleging facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[3]

On June 6, 2022, the court entered an Order (Docket Entry No. 9) notifying Legacy that its

> Original Complaint for Declaratory Judgment (Docket Entry No. 1) does not allege complete diversity among the parties. Accordingly, pursuant to paragraph 3 of the Order for Conference and Disclosure of Interested Parties (Docket Entry No. 3), the court will dismiss this action for lack of jurisdiction on June 24, 2022, unless plaintiff files an amended complaint by June 22, 2022, that demonstrates complete diversity among the parties.[4]

Legacy responded to the court's June 6, 2022, Order, on June 8, 2022, by filing Plaintiff's First Amended Complaint for Declaratory Judgment (Docket Entry No. 11), but has still failed to allege facts demonstrating the court's subject matter jurisdiction. Asserting jurisdiction based on diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(2), Legacy alleges in pertinent part:

1. Legacy is a limited liability company formed and existing under the laws of the State of Texas and with its principal place of business located at

---

[3]Docket Entry No. 3, p. 1 ¶ 3.

[4]Order, Docket Entry No. 9.

        16000 Barkers Point Lane, Suite 155, Houston, Harris County, Texas 77079. . .

2. SCG is a corporation formed and existing under the laws of the State of California. Its principal place of business is located at 2549 Eastbluff Drive, Suit B-211, Newport Beach, California 92660. . . .

. . .

4. <u>Diversity of the Parties:</u>

   a. SCG is a corporation organized and existing under the laws of the State of California and having its principal place of business located in Newport Beach, California.

   b. Legacy is a limited liability company organized and existing under the laws of the State of Texas and having its principal place of business located in Houston, Texas.[5]

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" <u>Id.</u> (quoting <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)). Moreover, federal courts are courts of limited jurisdiction, <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 114 S. Ct. 1673, 1675 (1994), and therefore "must presume that a suit lies outside this limited

---

[5] Docket Entry No. 11, pp. 1-2 ¶¶ 1-2 and 4.a-b.

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001).  Thus, Legacy as the party asserting federal jurisdiction, bears the burden to demonstrate complete diversity. "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed." Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012).  See also A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)).

 Because despite having been warned both by the Order for Conference and Disclosure of Interested Parties (Docket Entry No. 3), entered on May 23, 2022, and the Order (Docket Entry No. 9), entered on June 6, 2022, that the failure to file an amended complaint alleging facts demonstrating complete diversity of citizenship in an action filed under 28 U.S.C. § 1332 may result in dismissal of this action by the court on its own initiative without further notice, and because despite having received these two warnings, on June 8, 2022, Legacy filed Plaintiff's First Amended Complaint for Declaratory Judgment, which — like

Plaintiff's Original Complaint for Declaratory Judgment — states that Legacy is a limited liability company, but fails to identify Legacy's members or their respective states of citizenship, and because under <u>Harvey</u>, 542 F.3d at 1080, <u>Mullins</u>, 564 F.3d at 397-98, and their progeny, Legacy's allegations of its citizenship are not sufficient to demonstrate diversity jurisdiction under 28 U.S.C. § 1332, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this 24th day of June, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE